UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURMUKH SINGH GILL, et al., | No. 2:13-cv-01114-MCE-EFB |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| SCOTT VAILLANCOURT, et al., | |
| Defendants. | |

Plaintiffs Gurmukh Singh Gill and Gills Auto Sales, a used auto dealership business with two car lots (collectively "Plaintiffs"), initiated this action against Defendants Scott Vaillancourt, Scott Greminger and Michelle Webb, both individually and in their representative capacities as agents of the California Department of Motor Vehicles ("DMV"), alleging, very generally, that Defendants harassed both Plaintiffs and Plaintiffs' customers based on their East Indian heritage and Sikh culture, eventually executing a search warrant on Plaintiffs' home and business in violation of Plaintiffs' federal rights. Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim (ECF No. 16). For the following reasons, Defendants' Motion is GRANTED with leave to amend.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

**BACKGROUND**

By way of their current Complaint, Plaintiffs allege causes of action against Defendants for Interference with Civil Rights under 42 U.S.C. § 1983 and Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985 arising out of the execution of a search warrant for Mr. Gill's home and business and the seizure and retention of Plaintiffs' records. Plaintiffs contend that Mr. Vaillancourt and Mr. Greminger, both DMV investigators, and their supervisor, Ms. Webb, violated Plaintiffs' civil rights by the manner in which the warrant was executed and because Defendants purportedly kept Plaintiffs' records for several months. Plaintiffs also allege that "[t]hirty-five percent of the customers who walk into Gills Auto Sales are of East Indian heritage and Sikh culture" and that the appearance of Mr. Gill and Plaintiffs' customers was a motivating factor in Defendants' purportedly "persistent harassment." Compl., June 4, 2013, ECF No. 1, ¶¶ 24-26.

Plaintiffs previously sued these same individuals, along with the DMV itself, in Sutter County Superior Court. In that case, Plaintiffs alleged six causes of action under 42 U.S.C. § 1983: (1) discrimination in enforcement; (2) unlawful interference with business relationship; (3) harassment based upon race, color and/or national origin; (4) unreasonable search; (5) discrimination and harassment based on race; and (6) retaliation for reporting discrimination and harassment based on race. Defs. Request for Judicial Notice ("RJN"), Aug. 28, 2013, ECF No. 17, Exh. 1.[2]

///
///

---

[2] Defendants request that this Court take judicial notice of the filing of a number of documents filed in the state court proceedings. Plaintiffs do not oppose this request, which the Court finds substantively proper as well. Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001) ("A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment.") (internal citation omitted); see also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The Court "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue.") (internal citation omitted). Defendants Request is thus GRANTED.

To summarize, according to Plaintiffs' state court pleadings, "Plaintiffs' ethnicity, race, and national origin, caused Defendants . . . to violate Plaintiffs' civil rights in the enforcement and inspection of Plaintiffs' business and to treat Plaintiffs differently from similarly situated businesses that are owned, operated, or maintained by Caucasians." Id. at 3.

Defendants filed a Demurrer, which was sustained with leave to amend. Id., Exhs. 2-3, 6. In their First Amended Complaint ("FAC"), Plaintiffs dropped their federal claims and pursued only state law causes of action. Id., Exh. 4. Again Defendants demurred. Id., Exh. 5. Their Demurrer was again sustained, and Plaintiffs' suit was dismissed with prejudice. Id.

Plaintiffs now pursue federal claims in this Court.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."

4

Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Defendants argue that Plaintiffs' Complaint is barred by res judicata since it seeks to address the same alleged misconduct already raised in Plaintiffs' state court action. Defendants are correct.

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (internal citations and quotation marks omitted). "Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Id. (internal citations and quotation marks omitted).

"When a state court judgment is the source of the supposed res judicata . . . , 28 U.S.C. § 1738 provides that a federal court must give the state court judgment the same full faith and credit as it would be entitled to in the courts of the state in which it was entered." Clark v. Yosemite Cmty. Coll. Dist., 785 F.2d 781, 784 (9th Cir. 1986). "California law approaches the issue by focusing on the 'primary right' at stake: if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174-75 (1983)). "The question is whether this federal litigation involves the same 'cause of action,' conceived of as the remedial right for the violation of one 'primary right.'" Id.
///

Plaintiffs' section 1983 claims very clearly involve the same cause of action as the federal claims originally alleged in Plaintiffs' state pleadings.  Indeed, the claims are essentially identical.  The state suit was terminated in a final judgment, and those claims are thus barred.  See Goddard v. Sec. Title Ins. & Guarantee Co., 14 Cal. 2d 47, 52 (1939) ("A judgment given after the sustaining of a general demurrer on a ground of substance . . . may be deemed a judgment on the merits, and conclusive in a subsequent suit.").  Even if, as Plaintiffs argue, they voluntarily dropped their federal claims in the state court proceedings, the result is the same.  See Clark, 785 F.2d at 786 ("Having apparently abandoned a cause of action on [a] primary right in the state proceeding, [a plaintiff] may not seek to raise it again in a federal action.") (citing Casto v. Arkansas-Louisiana Gas Co., 597 F.2d 13323, 1326 (10th Cir. 1979) ("[W]here, as here, a plaintiff joins in a suit, includes multiple claims for his damages from the single tort on which the suit is based, and in silence drops one claim, he may not, after judgment in that suit, maintain a separate second suit on that dropped claim.")).

Furthermore, Plaintiffs' section 1985 claim, although not raised in the state proceedings, is also barred.  Res judicata precludes the maintenance of a second suit not only on those claims actually raised, but also on any claims that could have been raised.  See Stewart, 297 F.3d at 956; see also Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) ("Claims under 42 U.S.C. § 1983 are subject to claim preclusion even if the litigants did not actually litigate the federal claim in state court.").  Indeed, "[a]lthough it is commonly said that a judgment has preclusive effect only if it is 'on the merits,' an opportunity to reach the merits is sufficient to invoke a preclusive effect." Clark, 785 F.2d at 786.  Just as Plaintiffs could have pursued their section 1983 claims in the state proceedings, so could they have pursued any claims under section 1985.  Each of Plaintiffs' current causes of action is thus barred, and Defendants' Motion is well taken.

///

///

## CONCLUSION

For the reasons just stated, Defendants' Motion to Dismiss (ECF No. 16) is GRANTED with leave to amend.  Not later than thirty (30) days following the date this Memorandum and Order is electronically filed, Plaintiffs may (but are not required to) file an amended complaint.  If no amended complaint is filed within said thirty (30)-day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated:  January 13, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT